IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

MALIBU MEDIA, LLC,

    Plaintiff,

v.                                      CASE NO. 4:12cv336-RH/CS

JOHN DOES 1 – 15,

    Defendants.

_____/

**ORDER RETAINING PSEUDONYMS FOR THE
DEFENDANTS, DENYING THE MOTIONS TO
QUASH OR FOR A PROTECTIVE ORDER, AND
REQUIRING THE PLAINTIFF TO ELECT
A SINGLE DEFENDANT AGAINST WHOM
THE CASE WILL GO FORWARD**

This is an action for copyright infringement. The original complaint named 15 defendants by pseudonym: John Does 1 – 15. The first amended complaint identified by actual name the defendants originally identified as John Does 7, 10, and 13, and dropped the defendant originally identified as John Doe 12.

The first amended complaint alleges that each defendant participated in the unlawful pirating of the plaintiff's copyrighted movie as part of a "swarm" using a peer-to-peer network and a "BitTorrent protocol."

Alleging that the movie is pornographic, the defendant originally identified as John Doe 7 has moved to seal all documents with his actual name and for leave to proceed as John Doe 7.  ECF Nos. 19, 20.  The plaintiff does not oppose the motion.  Importantly, Doe 7 has submitted a declaration indicating that he did not download the movie and indeed had moved out months earlier from the address where the downloading occurred.  *See* ECF No. 19-1.  This order grants the motion in part, allowing John Doe 7 to proceed under that name and sealing documents, subject to unsealing on request of any interested person.

The defendant originally identified as John Doe 10 has followed Doe 7's lead, moving to seal documents and for leave to proceed under the pseudonym.  Again, the plaintiff does not oppose the motion.  ECF No. 22.  The motion differs from Doe 7's in an important respect: Doe 10 has not submitted a declaration indicating he did not infringe the plaintiff's movie.  Even so, this order grants the motion in part, just as with Doe 7.

The defendants Doe 1 and Doe 10 have moved for a protective order and to quash subpoenas served on their internet service providers.  See ECF Nos. 8, 32.  Doe 1, Doe 7, and Doe 10 have moved to dismiss.  See ECF Nos. 8, 21, 27.  Many courts have addressed motions like these in cases like this.  Results vary.  The better view is that these motions are unfounded in all respects but one.

Although Federal Rule of Civil Procedure 20 would allow joinder of all these defendants in a single action, managing such a combined case would impose an enormous—and unnecessary—burden.  The better course is to allow the case to go forward only against a single defendant.  The basis for this ruling is persuasively set out in *Malibu Media, LLC v. John Does 1–28*, Case No. 8:12–cv–1667–JDW–MAP (M.D. Fla. Dec. 6, 2012) (unpublished).  A copy of that decision is attached to this order.  Federal Rule of Civil Procedure 21 allows a court to drop claims or parties in circumstances like these.  *See, e.g., Estate of Amergi ex rel. Amergi v. Palestinian Authority*, 611 F.3d 1350, 1367 (11th Cir. 2010) (upholding the district court's severance decision in a case that had "become something of a nightmare").

No purpose would be served by listing in this order each of these defendants' other arguments and the reasons for rejecting them.  Among the many authorities supporting this result are *Malibu Media* and *AF Holdings LLC v. Does 1–1,058*, 286 F.R.D. 39 (D.D.C. 2012).  The bottom line is this: the plaintiff has adequately alleged a claim for copyright infringement and has brought the case in the appropriate forum.  The plaintiff has not proven that any specific defendant is liable for the infringement, but proof at the outset is not required.  The defendants say venue is improper, but they do not deny that they reside in Florida and thus can

be found here, nor do they deny that a substantial part of the events at issue—indeed, *the* most substantial part of the events at issue—occurred here.

For these reasons,

IT IS ORDERED:

1. The defendants' motion for leave to proceed under pseudonyms, ECF Nos. 19 and 32, are GRANTED. The defendants John Doe 7, 10, and 13 may proceed under those pseudonyms. All parties must so refer to these defendants until otherwise ordered.

2. The defendants' motions to seal, ECF No. 19, 20, and 32, are GRANTED IN PART. The clerk must edit her docket entries for ECF Nos. 13, 15, 18, 19, 22, 23, 27, 30, and 33, substituting the appropriate pseudonym (John Doe 7 or 10) for that defendant's actual name.

3. A document that has been filed will be maintained by the clerk under seal only if a party files for inclusion in the public record a copy that is identical to the original except for redaction of actual names of defendants. Any party may file such a redacted document.

4. The motions, ECF Nos. 8 and 27, for a protective order and to quash subpoenas are DENIED.

5. The motions to dismiss, ECF Nos. 8, 21, and 27, are GRANTED IN PART and DENIED IN PART. The plaintiff must file by February 19, 2013, an

election of the single defendant against whom the case will proceed. The claims against all other defendants will be dismissed without prejudice.

    SO ORDERED on January 26, 2013.

                                        s/Robert L. Hinkle
                                        United States District Judge